### In re STANDARD VARNISH WORKS.

(Circuit Court, S. D. New York. January 9, 1893.)

CUSTOMS DUTIES—CANDLE TAR—ACT OCT. 1, 1890.
The article known in trade as "candle tar" or "palm pitch" is not dutiable as "waste," under paragraph 472, at 10 per cent. ad valorem, but is properly assessed as a nonenumerated manufactured article at 20 per cent. ad valorem, under section 4 of the act of October 1, 1890.

At Law. Appeal by importers from decision of United States general appraisers. Affirmed.

The Standard Varnish Works imported by the steamer California on May 18, 1891, certain merchandise known as "candle tar" or "palm pitch," which was classified and assessed for duty by the collector of customs at New York as a nonenumerated manufactured article, at 20 per cent. ad valorem, under section 4 of the act of October 1, 1890. The importers duly protested, claiming the same to be dutiable at 10 per cent. ad valorem, as "waste," under paragraph 472 of said act. The board of United States general appraisers affirmed the assessment of the collector, and an appeal was taken by the importers to the United States circuit court, under the provisions of the act of June 10, 1890. The subject of the importation was produced by subjecting tallow, animal grease, and palm oil to treatment in closed retorts or boilers to superheated steam, whereby the stearine and the candle tar were separated, the stearine carried out of the retort by distillation, and the candle tar remaining in the retort. This manufacture resulted in the two products,—stearine and candle tar; the latter of which is used for waterproofing barrels, covering roofs, and also for increasing the body of varnish. The importers claimed it to be mere waste, and not a biproduct.

Edward Mitchell, U. S. Atty., and Henry C. Platt, Asst. U. S. Atty., for collector.

W. Wickham Smith, for importers.

COXE, District Judge, (orally.) The merchandise in this case is a manufactured article, and is imported, bought, sold and used, as an article of trade and commerce. It is not a natural product, and there is no evidence in the record to show that it can be made, except by the process described.

The decision of the United States general appraisers is affirmed.